W. H. GALLOP v. ELIZABETH CITY MILLING COMPANY ET ALS.

(Filed 10 September, 1919.)

1. **Mortgages—Crops—Descriptive Words, "Etc."—Vendor and Purchaser.**

   A mortgage by the cropper of his "Irish and sweet potatoes, corn, etc.," grown on his land, sufficiently identifying the lands, is sufficient to include cotton raised thereon, the words "etc." or "et cetera" meaning other crops, especially when it is further described as "being one-half the crop grown on said lands"; and when the mortgage has been registered in the proper county the mortgagee may recover them from the purchaser of the mortgagor.

2. **Pleadings—Complaint—Cause of Action—Objections and Exceptions—Allegations—Mortgages—Registration—Vendor and Purchaser.**

   An exception to the sufficiency of the complaint to state a cause of action may be taken, for the first time, in the Supreme Court, on appeal; but where the action is by the mortgagee to recover of a purchaser of the mortgagor goods sold subject to a registered mortgage, the allegation is unnecessary that the goods were sold subsequent to the registration of the instrument, though, in this case, it is *held* that the allegation that the mortgage was "duly registered" is sufficient *if* such allegation were necessary.

APPEAL by plaintiff from *Devin, J.,* at March Term, 1919, of CURRITUCK.

This was an action by plaintiff to recover $295.20, the value of certain cotton sold to the defendant, the Elizabeth City Milling Company, by one A. Cherry, against whom the plaintiff held a mortgage.

The complaint alleged that the mortgage was duly recorded in Currituck. At the trial the defendant demurred *ore tenus* and moved to dismiss upon the ground that the complaint did not state a cause of action. A copy of the mortgage was set out in full as a part of the complaint.

The demurrer was sustained, and the plaintiff appealed.

*Aydlett, Simpson & Sawyer for plaintiff.*
*Thompson & Wilson for defendant.*

CLARK, C. J. The mortgage described the property as follows: "My entire crop of Irish and sweet potatoes, corn, etc., grown in the year 1916 on the lands of Thomas Harris, being one-half of the crop grown on said land." This was a sufficient description. It was not necessary to mention in detail every article of the crop. The words "Irish and sweet potatoes, corn, etc.," were sufficient to indicate that all the crop of every description was embraced in the mortgage, and that the lien was not limited to the articles specifically named.

The description of the land on which the crop was to be raised was "the lands of Thomas Harris," and certainly extended to the crops raised by the mortgagor during 1916 on the lands of said Harris in the county of Currituck, in which the mortgage was registered.

The word "etc." or "et cetera" means other crops. In *R. R. v. Metcalf,* 81 Am. Dec., 541, it was held that a resolution of the board of directors of a railroad company authorizing a mortgage of the road and its property, "etc.," embraced its franchises, rights, and privileges. Besides, in this case the clause at the end, "being one-half of the crop grown on said lands," clearly indicated an intention that the mortgage should embrace one-half of the crops of every description.

The point was further taken in this Court, though not raised by exception on the trial, that the complaint was insufficient in that it did not recite that the mortgage was registered before the cotton was bought by the mill company. If the complaint on this ground did not state a cause of action the exception could be taken for the first time in this Court, of course, but the allegation that the mortgage was "duly registered" would indicate that it was registered in due time. Indeed, a failure to allege that it was registered at all would not be fatal.

Reversed.